Filed 7/11/23

# <u>CERTIFIED FOR PARTIAL PUBLICATION</u>[*]
## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
### SECOND APPELLATE DISTRICT
### DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B317896 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA109070) |
| v. | |
| RAMIRO MACIAS GARCIA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, George G. Lomeli, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles E. Lee and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

---

[*] Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of part C.

## INTRODUCTION

In 1997, appellant Ramiro Macias Garcia was convicted of second degree murder; the jury rejected the special circumstance allegation that the murder occurred during the course of a robbery. In 2019, Garcia filed a petition for resentencing under Penal Code section 1172.6.[1] Following an evidentiary hearing, the trial court denied Garcia's petition on the grounds that Garcia was ineligible for resentencing because he aided and abetted the murder and acted with malice. On appeal, Garcia does not challenge the trial court's findings, but argues he should have been resentenced without a hearing under the streamlined procedure described in section 1172.6, subdivision (d)(2), which applies when "there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony." He asserts that the jury's rejection of the special circumstance constitutes such a finding, regardless of any other viable grounds for his conviction.

We affirm. Section 1172.6, subdivision (d)(2) does not mandate vacatur of a murder conviction and resentencing when there are viable bases for murder liability independent of a rejected special circumstances allegation. Section 1172.6, subdivision (d)(2) provides a mechanism to streamline the process of resentencing only if it is clear the petitioner is otherwise eligible for resentencing under section 1172.6.

---

[1] All undesignated statutory references are to the Penal Code. Effective June 30, 2022, while this case was pending, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10). For clarity, we refer only to section 1172.6 in this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Conviction

The following facts are taken from our previous opinions and are not disputed by the parties. On November 4, 1995, two gang members went into a clothing store and got into a verbal disagreement with the owners, husband R.L. and wife E.P.[2] (*People v. Garcia* (Aug. 18, 2020, B301331 [nonpub. opn.] (*Garcia I*); *People v. Aparicio* (Oct. 7, 1998, B113095 [nonpub. opn.] (*Aparicio*).) During the disagreement, one gang member, Richard Startz, threatened to kill both R.L. and E.P., showing them a gun in his belt. (*Aparicio, supra*, B113095.) The two gang members left the store to get their "home boys," and later returned with about 10 additional gang members, including Garcia. (*Aparicio, supra*, B113095.)

At one point another gang member, "Sniffer," hit R.L., "causing him to fall back. Sniffer said, 'This is my Barrio, and you're going to respect it, you fucking faggot. You're going to respect it.'" (*Aparicio, supra*, B113095.) When E.P. attempted to help R.L., other gang members held her back. (*Aparicio, supra*, B113095.) "Appellant Garcia moved to the counter and looked through the drawers behind the counter. [E.P.] saw Garcia disconnect the telephone. [E.P.] also saw appellant Garcia grab her purse from under the counter; she testified $700 was missing from her purse after the incident." (*Aparicio, supra*, B113095.)

Sniffer had taken a gun from "Little Mister," and he "handed the gun back to Little Mister, telling him, 'Do what you have to do.' Appellant Garcia said, 'kill him, kill him,' and . . . Macias said, 'pull it, dumb shit.' . . . Aparicio said, 'Don't let the

---

[2] We refer to the victims using initials to protect their privacy. (See Cal. Rules of Court, rule 8.90(b)(4).)

3

neighborhood down.'" (*Aparicio, supra*, B113095.) "[R.L.'s] brother, [J.H.], came in through the doorway at the back of the store which adjoined the larger and smaller stores. Little Mister raised his gun and pointed it at [R.L.]. [R.L.] thought Little Mister was going to kill him. Little Mister instead pointed the gun at [J.H.] and shot him three or four times. [J.H.] was transported to the hospital; he died from gunshot wounds to his hip and leg."

"The [gang members] ran out of the store, with Little Mister and Sniffer being the last to leave. At the sidewalk, Little Mister handed the gun back to Sniffer. Sniffer shot a man named [S.D.], who had been standing outside watching the incident. [S.D.], who was 69 years old, died at the scene as a result of a single gunshot wound to the chest." (*Aparicio, supra*, B113095.)

"[Garcia] and others were charged with two counts of murder (§ 187, subd. (a)), with alleged special circumstances of robbery-murder (§ 190.2, subd. (a)(17)) and multiple murder (§ 190.2, subd. (a)(3)).[3] Trial proceeded against at least four defendants. We stated in *Aparicio* that at trial, 'During closing argument the prosecutor relied on three theories of liability as to appellants: (1) for aiding and abetting murder,[4] (2) for felony murder, and (3) for murder as a natural and probable consequence of conspiracy to assault or make terrorist threats. The jury rejected the finding of first degree murder and also

---

[3] "[Garcia] and others were also charged with two counts of second degree robbery (§ 211), and one count of conspiracy to commit murder (§§ 182, 187, subd. (a).) These charges were dismissed during trial."

[4] "The prosecutor argued to the jury that appellants should be found guilty of aiding and abetting first degree murder, but the jury found all appellants guilty of second degree murder."

4

rejected the special circumstance of murder during robbery, so clearly the jury relied on either the first or third theory of liability.' The jury found [Garcia], Aparicio, and Macias guilty of two counts of second degree murder, and found true an allegation that a principal was armed with a firearm during the commission of the murders. The jury also found the special circumstances not true. [Garcia] was sentenced to a total term of 32 years to life, consisting of consecutive terms of 15 years to life for each count, plus one year for each firearm enhancement." (*Garcia I, supra,* B301331.)

On direct appeal, this court rejected Garcia's contention that there was insufficient evidence to support his conviction for the murder of J.H.: "[T]he evidence shows that Garcia intended to encourage a killing. He accompanied [the gang members] to contribute to their strength of numbers, said 'kill him, kill him,' and disconnected the telephone. Little Mister effectuated a killing, the very act encouraged by Garcia. Although Garcia apparently encouraged Little Mister to kill [R.L.] rather than [J.H.], he had the intent to encourage the criminal conduct that transpired. '[N]o specific intent is required for liability as an aider and abettor other than the intent to aid, encourage, facilitate or promote a criminal act.' (*People v. Olguin* (1994) 31 Cal.App.4th 1355, 1380.)" (*Aparicio, supra*, B113095.)

## B.    Petition for resentencing

On June 19, 2019, Garcia filed a petition for resentencing under section 1172.6. For purposes of this appeal we focus on the facts relevant to Garcia's contentions, which involve the murder

5

of J.H. and the procedures set out in section 1172.6, subdivision (d)(2) (subdivision (d)(2)).[5]

Section 1172.6 "provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 959.) In most cases where the petitioner has made a prima facie case for relief, the trial court must issue an order to show cause and hold a hearing to determine whether the petitioner is entitled to resentencing.[6] (*People v. Flint* (2022) 75 Cal.App.5th 607, 613 (*Flint*); § 1172.6, subd. (d)(1).) However, subdivision (d)(2) sets out two scenarios in which a hearing is not necessary: first, where the parties "waive a resentencing hearing and stipulate that the petitioner is eligible" for resentencing, or second, if "there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony." (§ 1172.6, subd. (d)(2).) "In the latter case, the court must bypass a hearing under section 1172.6, subdivision (d)(3) and proceed directly to vacatur and resentencing." (*People v. Guillory* (2022) 82 Cal.App.5th 326, 332 (*Guillory*).)

Here, Garcia's written briefing included an argument that "[t]he murder conviction [regarding J.H.] should be vacated and

---

[5] The parties agreed Garcia was eligible for resentencing as to the murder of S.D., and the court granted Garcia's petition as to that conviction.

[6] Here, the trial court initially denied Garcia's petition without appointing counsel, allowing briefing, or holding a hearing. Garcia appealed, and the People conceded that Garcia had made a sufficient prima facie showing and was entitled to further proceedings. We remanded the case for further proceedings under section 1172.6. (*Garcia I, supra,* B301331.)

6

set aside on grounds that the jury found the felony murder special circumstance not true, which means there has been a factual finding that Garcia was not a major participant who acted with reckless indifference during an underlying robbery, which in turn pursuant to [subdivision] (d)(2) requires a vacating of the conviction. . . . There is no surviving theory of liability which would meet the requirements of [section 1172.6]." Garcia further argued he "was not the actual killer, and the jury's 'not true' finding as to the felony murder special circumstance means there has been a factual finding that Garcia was not a major participant who acted with reckless indifference to human life during an underlying felony, here, robbery. The express language of [subdivision (d)(2)] is that '[i]f there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner.'"

Garcia continued, "[T]he only way Garcia's conviction is sustainable under [section 1172.6] is if Garcia were a direct aider and abettor of a . . . murder." Garcia argued the "transferred intent doctrine if applicable might support liability on a direct aider and abettor theory, but here, it is not applicable." He argued that R.L.—not J.H.—was the intended victim of Little Mister's intent to kill and the others' encouragement to kill, and Little Mister shot J.H. "without any encouragement or assistance from codefendants."

The People opposed Garcia's petition. They asserted that Garcia was ineligible for resentencing because he aided and abetted J.H.'s murder with malice aforethought. The People argued that Garcia "harbored express malice when he yelled to a

7

man with a loaded gun pointed at a human being and said, 'Kill him, kill him.' He did so while restraining witnesses and preventing them from calling for help. His mental state is far more culpable tha[n] conscious disregard for human life, the least culpable mental state required for a second degree murder conviction." The People also asserted that the doctrine of transferred intent was irrelevant to whether Garcia personally harbored malice aforethought, because the law "requires an unlawful intent to kill *a* person, not *the* same person the defendant intended to be killed." The People concluded, "Malice is not imputed to an aider and abettor when the intended crime is murder."

At the evidentiary hearing on the petition, the parties relied on the court record and did not present any additional evidence. Garcia's counsel repeated the arguments made in his briefing, including noting that the jury rejected the felony murder theory, and that because the transferred intent doctrine did not apply, an aiding and abetting theory would not apply. The People argued that the transferred intent doctrine was not applicable, but direct aiding and abetting murder remained a valid basis for the conviction.

The court denied Garcia's petition as to the murder of J.H. The court stated, "The overall record of conviction establishes that [Garcia] directly aided and abetted the murder with malice aforethought." The court stated that Garcia "encouraged the killing" of one victim, and even though the shooter killed a different victim, Garcia "had knowledge that the shooter had a firearm, [and] he encouraged the shooting of an individual, with the actual shooter electing to shoot the 19-year-old relative." The court stated that Garcia's "other conduct, including

8

accompanying the other members of his gang to the store location in order to contribute to their strength in numbers; that once there he disconnected the telephone at the store location, which purportedly made it more difficult for the victims to summon for help; and that he rifled through the purse of [E.P.], who later reported that $700 was taken. [¶] Additionally, [Garcia] failed to render aid to victim [J.H.] once he had been shot. [¶] Thus, in the court's eyes, from the overall evidence as reflected in the record of conviction . . . [Garcia] harbored malice by his overall conduct, whether it's implied or otherwise."[7]

Garcia timely appealed.

## DISCUSSION

Garcia does not dispute the trial court's finding that the record supports his conviction on a valid theory of aiding and abetting. Rather, he contends the trial court was compelled by subdivision (d)(2) to bypass a hearing altogether, vacate his conviction, and resentence him based on the jury's finding that the robbery special circumstance was not true. Because Garcia presents a question of statutory interpretation, we review the

---

[7] Garcia's counsel asked the court if it was relying on felony murder or a direct aiding and abetting theory. The court said that although there was evidence to support either theory, the court relied on "the direct aiding and abetting with an implied malice." "[N]otwithstanding Senate Bill 1437's elimination of natural and probable consequences liability for second degree murder, an aider and abettor who does not expressly intend to aid a killing can still be convicted of second degree murder if the person knows that his or her conduct endangers the life of another and acts with conscious disregard for life." (*People v. Gentile* (2020) 10 Cal.5th 830, 850.)

issue de novo.  (*People v. Barboza* (2021) 68 Cal.App.5th 955, 962.)

## A.    Section 1172.6 background

Section 1172.6 expressly states that its resentencing provisions apply only where the "petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189."  (§ 1172.6, subd. (a)(3).)  A petition must include a "declaration by the petitioner that the petitioner is eligible for relief under this section, based on all the requirements of subdivision (a)."  (*Id.*, subd. (b)(1)(A).)  If the petition "meets the requirements set forth in subdivision (b), the prosecutor shall file and serve a response. . . .  After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause."  (*Id.*, subd. (c).)  "Within 60 days after the order to show cause has issued, the court shall hold a hearing to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence. . . ."  (*Id.*, subd. (d)(1).)  At the hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019."  (*Id.*, subd. (d)(3).)

As noted above, subdivision (d)(2) allows the court to resentence the petitioner without a hearing in limited circumstances:  "The parties may waive a resentencing hearing and stipulate that the petitioner is eligible to have the murder, attempted murder, or manslaughter conviction vacated and to be

10

resentenced. If there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner." (§ 1172.6, subd. (d)(2).) Thus, subdivision (d)(2) is intended "to 'streamline the process' (*People v. Ramirez* (2019) 41 Cal.App.5th 923, 932, 254 Cal.Rptr.3d 670 (*Ramirez*)) for petitioners who are clearly eligible for resentencing." (*Flint, supra*, 75 Cal.App.5th at p. 610.)

## B.    Analysis

Garcia's argument on appeal is broader than it was below. In the trial court, Garcia asserted that his jury found the felony murder special circumstance not true, *and* there was "no surviving theory of liability" that could meet the requirements of section 1172.6. Garcia argued that he therefore was required to be resentenced under the abbreviated procedure outlined in subdivision (d)(2). On appeal, by contrast, Garcia has abandoned the second prong of his argument; he does not challenge the court's ruling that he is not eligible for resentencing under section 1172.6 based on a valid aiding and abetting theory. He asserts only the first portion of the argument he made below: that the jury's not true finding compelled the court to resentence him without a hearing. He states, "[Garcia's] jury unanimously acquitted him of the felony murder special circumstance allegation. That was all that was needed to trigger the mandatory resentencing provision in section 1172.6, subdivision (d)(2)."[8]

---

[8] Garcia's briefing offers almost no reasoning or analysis on the issue; he does not discuss the various theories asserted at his trial, the jury instructions, or how the jury's special

11

Garcia's interpretation of subdivision (d)(2) is unpersuasive. A negative finding on a special circumstance allegation does not entitle a petitioner to resentencing where the petitioner "could be convicted under other, still valid theories of murder." (*Guillory, supra,* 82 Cal.App.5th at p. 333.) *Guillory* is instructive. There, Guillory was convicted of murder, robbery, kidnapping and other crimes; the jury returned a not-true finding on a special circumstance allegation that Guillory committed the murder during the course of the kidnapping. (*Id.* at p. 331.) When Guillory filed a petition for resentencing under section 1172.6, she argued the not-true finding on the kidnapping special circumstance entitled her to resentencing as a matter of law under subdivision (d)(2). (*Id.* at p. 332.) The Court of Appeal rejected this argument. It noted that, as the trial court found in denying Guillory's petition, "Guillory remains directly liable as an aider and abettor under the amended law." (*Id.* at p. 333.) In addition, "neither the jury's rejection of the kidnapping allegation nor its deadlock on the remaining special circumstance allegations would preclude a subsequent court or jury from finding her guilty of felony murder based on her participation in the robbery and carjacking." (*Ibid.*) The court concluded, "In short, Guillory could be convicted of murder under current law, and she therefore falls outside the class of defendants that may benefit from the Legislature's decision to narrow liability for murder in other circumstances." (*Ibid.*)

The *Guillory* court rejected Guillory's contention that "where a jury finds one or more special circumstances allegations

circumstances finding qualifies as a finding that he "did not act with reckless indifference to human life or was not a major participant in the felony" under the circumstances of the case.

to be not true but deadlocks on others, section 1172.6, subdivision (d)(2) mandates vacatur and resentencing even if the jury could also have found beyond a reasonable doubt that the petitioner was the actual killer (§ 189, subd. (e)(1)); aided and abetted the murder with the intent to kill (§ 189, subd. (e)(2)); or was a major participant who acted with reckless indifference in committing a felony underlying a special circumstances allegation on which the jury deadlocked. (§ 189, subd. (e)(3).)" (*Guillory, supra*, 82 Cal.App.5th at pp. 333-334.) The court stated, "Guillory's theory contravenes the Legislature's decision to limit relief to offenders who could not be convicted of murder under current law (§ 1172.6, subd. (a)(3)), contradicts in some cases the Legislature's decision to retain some forms of felony murder liability under section 189, subdivision (e), and turns on its head the Legislature's intention to better align the punishment for murderers with their individual culpability." (*Id.* at p. 334.)

The *Guillory* court stated that section subdivision (d)(2) is "more reasonably understood" to require automatic vacatur and resentencing only "where a special circumstances allegation found to be not true . . . provides *the only viable ground for a murder conviction. . . .* [C]onsistent with legislative intent, the subdivision affords relief to offenders who could not currently be convicted of murder under any still-valid theory that could have been proven at their trial." (*Guillory, supra*, 82 Cal.App.5th at p. 334 (emphasis added).) Here, Garcia does not dispute the trial court's finding that he directly aided and abetted the murder with malice aforethought, or that this remains a valid basis for his conviction.

Garcia argues that we should instead follow *Ramirez, supra,* 41 Cal.App.5th 923, in which the defendant was convicted

13

in 2003 of first degree felony murder, and the jury found true the special circumstance that the defendant was an aider and abettor of the associated robbery, and acted as a major participant with reckless indifference to human life. The Court of Appeal affirmed the conviction in 2004. Following a petition for habeas corpus, the Court of Appeal in 2017 struck the special circumstances findings based on the Supreme Court's clarification of the special circumstances standards in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522. (*Ramirez, supra*, 41 Cal.App.5th at p. 926.) In 2019 the defendant filed a petition for resentencing under section 1172.6. The trial court denied the petition without a hearing, relying on the 2004 appellate opinion affirming the conviction. (*Id*. at p. 928.)

On appeal, the defendant and the People agreed the trial court erred by relying on the 2004 appellate opinion to summarily deny the section 1172.6 petition. (*Ramirez, supra*, 41 Cal.App.5th at p. 930.) The parties disagreed, however, about which procedure should be followed on remand. The defendant argued no hearing was necessary under subdivision (d)(2), and the People argued the court should proceed with an order to show cause and a hearing. (*Ibid*.) The Court of Appeal held that no hearing was required: "It is beyond dispute that this court found that the defendant was not shown to have been a major participant in the underlying felony, or to have acted with reckless indifference to human life. [Citation.] Under these circumstances, the trial court was required by section 1170.95, subdivision (d)(2) to vacate the conviction and resentence defendant on the remaining counts." (*Id*. at p. 933.)

The same panel that decided *Ramirez* decided *People v. Clayton* (2021) 66 Cal.App.5th 145 two years later. There, a jury

had convicted Clayton of one count of first degree murder and two counts of robbery, and found not true a special-circumstance allegation that the murder was committed during a robbery.  (*Id*. at p. 150.)  Clayton filed a petition for resentencing under section 1172.6, which the court denied on the grounds that Clayton had been a major participant who acted with reckless indifference to human life.  (*Ibid*.)  As in *Ramirez*, the parties agreed the court erred by denying the petition at the prima facie stage, but disagreed as to whether, upon remand, a hearing was warranted or the streamlined procedure of subdivision (d)(2) should apply.  (*Id*. at pp. 154-155.)  The majority of the Court of Appeal held that "the jury's unanimous rejection of the special-circumstance allegation establishes the petitioner's entitlement to relief under section 1170.95 as a matter of law."  (*Id*. at p. 149.)  The majority noted, "[A]ppellant's jury was instructed that, if it found appellant was not the actual killer, it could not find the special-circumstance allegation true as to appellant unless it unanimously found, beyond a reasonable doubt, that appellant was an aider and abettor with intent to kill or a major participant in the underlying felony who acted with reckless indifference to human life.  [ ] Appellant's jury unanimously found the prosecution had failed to prove the truth of the special circumstance beyond a reasonable doubt."  (*Id*. at p. 156.)  The majority stated that it would be inappropriate to remand to allow the prosecution to attempt to prove "the very facts the jury already unanimously and beyond a reasonable doubt rejected." (*Id*. at p. 157.)

In *Clayton*, Justice Chavez, the author of the *Ramirez* opinion, dissented.  She reasoned that in light of the specific jury instructions given at trial, "the 'not true' finding by the jury as to

15

the special circumstance does not prove, as a matter of law, that a court or jury affirmatively found appellant was not a major participant who acted with reckless indifference." (*Clayton, supra,* 66 Cal.App.5th at p. 159.) Justice Chavez stated that there were "at least two ways the jury could have come to its verdicts without affirmatively rejecting the theory that appellant was a major participant who acted with reckless indifference." (*Ibid.*) In light of those possibilities, the "'not true' finding on the special circumstance in that scenario is simply not the same as the affirmative finding required by section 1170.95, subdivision (d)(2), that the petitioner was not a major participant who acted with reckless indifference to human life." (*Id.* at p. 162.)

Here, Garcia offers no case-specific analysis and does not make any argument as to why the reasoning of *Ramirez* and *Clayton* better fits this case than that of *Guillory*, except to say in a footnote in his reply brief that *Guillory* involved three underlying felonies and therefore "addressed an issue not present here." We disagree that the reasoning of *Ramirez* and the *Clayton* majority applies here, because the felony murder special circumstance Garcia's jury rejected was not the only basis for Garcia's conviction. Rather, as the trial court found, his conviction may rest on the still-valid theory of aiding and abetting. Garcia's interpretation of subdivision (d)(2) as requiring resentencing despite his ineligibility for resentencing under the standards of subdivision (a) "would make . . . , subdivision (d)(2) into a backdoor to guarantee resentencing for certain defendants who are not eligible, rather than a mechanism to 'streamline the process' of resentencing (*Ramirez, supra,* 41 Cal.App.5th at p. 932) in cases where it is clear that the

16

defendant is eligible." (*Flint, supra*, 75 Cal.App.5th at p. 618.)[9] The court in *Flint* stated, "[I]t would be absurd to infer that the Legislature intended [subdivision (d)(2)] to guarantee resentencing for defendants who could still be convicted of murder under current law." (*Flint, supra*, 75 Cal.App.5th at pp. 610-611.)  We agree.

## C.    Redesignating the vacated murder conviction

The People also argue that the case should be remanded for resentencing on the conviction for the murder of S.D.  Section 1172.6, subdivision (d)(3) states that following a hearing, "[i]f the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (§ 1172.6, subd. (d)(3).) Subdivision (e) states, "The petitioner's conviction shall be redesignated as the target offense or underlying felony for resentencing purposes if the petitioner is entitled to relief pursuant to this section, murder or attempted murder was charged generically, and the target offense was not charged."

---

[9] The People contend subdivision (d)(2) applies only to those convicted of felony murder, and therefore does not apply here because Garcia's jury rejected the felony murder theory. The People do not explain the reasoning behind interpreting subdivision (d)(2) this way; presumably it is because language used in the subdivision—including "reckless indifference" and "major participant in the felony"— is typically associated with felony murder convictions.  Given that Garcia is ineligible for resentencing and subdivision (d)(2) does not apply to him for that reason, we need not reach this issue.

(§ 1172.6, subd. (e).)  Here, when the trial court vacated the sentence for the murder of S.D., the court ordered the sentence "stricken, and the charge dismissed in the furtherance of justice."

The People contend the court erred by striking the sentence, because under section 1172.6, subdivision (e), "the court was required to redesignate the vacated conviction as the 'target offense or underlying felony."  The People request that we remand the case "to allow the trial court to exercise its considerable discretion and redesignate the vacated murder conviction as [the] 'target offense or underlying felony.'"

Garcia contends this issue has been forfeited by the People's failure to object below, and because the People failed to challenge it with a cross-appeal.  We agree.

The People may challenge an "unlawful sentence" by appealing.  (§ 1238, subd. (a)(1).)  In addition, a legally unauthorized sentence may be challenged at any time, even when not raised below, and even in the absence of a cross-appeal by the People. (See *People v. Price* (2004) 120 Cal.App.4th 224, 241 fn. 25.)  However, in their briefing on appeal, the People do not contend the trial court's actions were legally unauthorized. Rather, they contend the court had "considerable discretion" in resentencing Garcia after granting his section 1172.6 petition. "[C]omplaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 356.)

During oral argument, the People asserted for the first time that the trial court's actions were legally unauthorized. We do not consider arguments asserted for the first time at oral argument. (See *People v. Renteria* (2022) 13 Cal.5th 951, 970 fn. 10.)  The

18

People have therefore forfeited any contentions regarding sentencing relating to the murder of S.D.

## DISPOSITION

The court's January 20, 2022 order on Garcia's petition for resentencing is affirmed.

**CERTIFIED FOR PARTIAL PUBLICATION**

COLLINS, ACTING P. J.

We concur:

MORI, J.

ZUKIN, J.

19